[No. 1400. December 8, 1911.]

TERRITORY OF NEW MEXICO, Appellee, v. JIM WALKER, Appellant.

SYLLABUS (BY THE COURT).

1. Under the circumstances disclosed by the record in the case it was clearly within the discretion of the trial court to refuse to grant a continuance to the defendant.

2. In an indictment for larceny it is not necessary to allege that the owner of the property, the larceny of which is ·charged, is a corporation and if that allegation is made and if it is thereby made necessary to prove the existence of the corporation, evidence of its de facto existence is sufficient.

3. The giving of an instruction, which, although a correct statement of law, may be outside of the evidence in the case is not a good ground for a new trial or reversal it on other matter covered by the indictment there was evidence to warrant a conviction.

Appeal from the District Court for Chaves County, before WILLIAM H. POPE, Chief Justice. Affirmed.

W. W. GATEWOOD for Appellant.

Continuance should have been granted. C. L. 1897, sec. 2685, sub-sec. 133, 2985, 2989; Territory v. Perea, 1 N. M. 627; Territory v. Rivera, 1 N. M. 640; Territory v. Lopez et al, 3 N. M. 156; State v. Cooper, 45 Mo. 65; Territory v. Kinney, 3 N. M. 656; Rhode Island v. Mass., 11 Pet. 226; Schultz v. Moore, 22 Fed. Cases, No. 12825; Myers et al etc. v. Trice, 86 Va. 835; Markson v. Ide, 29 Kas. 501; Rice v. Melendy et al, 36 Ia. 166; Vicksburg etc. R. R. Co. v. Scott et al, 47 La. Ann. 706; Thompson v. Thornton, 41 Cal. 626; Printup v. Mitchell, 19 Ga. 586; Condon v. Brockway, 50 Ill. App. 625; Patin v. Poydras, 5 ʹMart. 693, La.; Baillio v. Wilson, 6 Mart. 334, La.; Sinelser v. Williams, 10 Rob. 97, La.; Searls v. Munson, 17 Ill. 558; Bentley v. Gerke Brewing Co., 14 Ky. Law 766; Burlington Fire Ins. Co. v. Coffman, 13 Tex. Civ. App. 439; Johnson v. Dinsmore, 9 N. W. 559, Neb.; Smith v. Bates, 27 S. W. 1044, Tex.; Waldrup v. Maxwell, 10 S. E. 597, Ga.; Texas & P. Ry. Co. v. Yates, 33 S. W. 291, Texas; State v. Berkley, 92 Mo. 45; Murphy v. Murphy, 31 Mo. 322; Barnum v. Adams, 31 Mo. 532; Light v. Richardson, 31 Pac. 1123, Cal.; Ogden v. Payne, 5 Cowen 16; Hooker v. Rogers, 5 Cowen 577; Peck v. Lovett, 41 Cal. 423; Lecense v. Cottin, 9 Martin

Territory v. Walker, 16 N. M. 607.

454, La.; 4 Enc. P. & P. 824, 828, 829, 840; 3 Graham and Waterman on New Trials, 894; Light v. Richardson, 31 Pac. 1123; Smith v. Brand, 44 Ga. 588.

Property having no owner cannot be the subject of larceny. U. S. v. Smiley, 6 Sawy. 640, U. S.; Hunter v. Watson, 12 Cal. 363; Ready v. Kearsley, 14 Mich. 225; Miller v. Chittenden, 2 Ia. 368; Barr v. Schraeder, 32 Cal. 610; 1 Dev. on Deeds 123; Johnson v. State, 36 Tex. 375; Ritchie v. State, 38 Tex. 643; Debbs v. State, 43 Tex. 650; 1 McClain's Crim. Law 544; Hawkins v. State, 95 Ga. 408; Fletcher v. State, 16 Tex. App. 635; Jones v. Com., 17 Grat. 563, Va.; Wallace v. State, 66 S. W. 1102, Tex. Crim. App.; 13 Ency. of Ev. 734; Wallace v. People, 63 Ill. 452; McCowan v. State, 58 Ark. 17; People v. Bogart, 63 Cal. 248.

Accustomed range. State v. Thompson, 40 Tex. 515; Foster v. State, 21 Tex. App. 86.

FRANK W. CLANCY, Attorney General, for Appellee.

New trial. C. L. 1897, sec. 2685, sub-sec. 133; 14 Enc. P. & P. 858.

Continuance. Sims v. Hundley, 6 How. 6; Thompson v. Selden, 20 How. 198; Davis v. Patrick, 57 Fed. 913; Kerr-Murray Co. v. Hess, 98 Fed. 57; Territory v. Watson, 12 N. M. 420; Territory v. Padilla, 12 N. M. 5-6; Territory v. Leary, 8 N. M. 186; Territory v. Yee Dan, 7 N. M. 443; Territory v. McFarlane, 7 N. M. 425.

Not necessary to allege corporate capacity of owner of stolen property. Territory v. Garcia, 12 N. M. 96; 1 Bishop Crim. Proc., sec. 748.

Indictment sufficient. C. L. 1897, secs. 70, 71, 79.

There was no error in giving oral instructions. C. L. 1897, sec. 2992.

OPINION OF THE COURT.

ABBOTT, J.—The defendant was tried and convicted in the District Court of Chaves County on the first count of an indictment under Section 79, C. L. 1897, which count charged that on October 8, 1910, in Chaves county, New Mexico, he "did take, steal, kill" etc., "one neat cattle * * * * of the property of El Capitan Live

Stock Company (a corporation.)" The further essential facts are stated in connection with the discussion of the questions decided. The assignments of error discussed in the brief for the appellant relate in part to matters of practice and in part to the alleged insufficiency of the evidence for the territory to sustain the verdict rendered. Of the former class the one chiefly emphasized is the refusal of the trial court to grant a continuance to the defendant. On November 12th, 1910, the case was set for trial on November 30th, and was in order for trial from the latter date to December 13th, when, to accommodate the defendant, who had on December 12th filed a motion for continuance based on the alleged absence of an essential witness, it was postponed until nine o'clock in the forenoon of December 16. Neither the defendant nor his counsel appeared at that time and the court sent notice to defendant's counsel that his appearance bond would be forfeited at two o'clock that day unless he appeared for trial. At that hour he appeared with counsel, who filed another motion for continuance incorporating the former one and adding that he had just returned from an unsuccessful search for the witness in question and had found his chief counsel, Mr. Gatewood, of the firm of Gatewood & Graves of Roswell, where the court was in session, too ill to go into the trial of the case. Although Mr. Gatewood was, apparently, in Roswell, the fact of his illness was not brought to the attention of the court until the time fixed for the trial to proceed. A subpœna for the missing witness, with others, had been taken out by the defendant December 10, but was not served on him, although he had been present in court every day from Nov. 30th and it does not appear from the record that he was not then at Roswell. He went away "some time between December 10, (about the noon hour) and December 13," according to the statement in the brief for the appellant. Although in the affidavit in support of his motion for continuance, this defendant made the allegation required by the statute that "he knows of no other witness by whom such facts can be fully proved," it is obvious that the facts set out in the affidavit as what

the absent witness would testify to, namely, that he had the mother of the calf he killed at his place and was also bringing up a dogie calf with her, must have been known to himself at least, if true. It appears, too, from the un-contradicted evidence introduced by the territory, that defendant had only about ten cattle, including several calves at his place of residence, that he had a wife, and that he told a witness one of those cattle belonged to her. He showed to other witnesses at the corral at his home the cow which he claimed was the mother of the calf he had killed and the calf which he claimed was a "dogie" he was bringing up by her. His wife, then, must in all probabi-lity have known the facts about the cow and calves which he said in his affidavit he was depending on the absent witness to prove. The evidence for the territory was that the calf in question was a "wild" calf as distinguished, we understand, from one accustomed to being where it would often see human beings, and that the defendant, who was on a horse, "roped" the calf at a point about a mile and a half from his house and dragged it away to his house where he immediately killed it. Yet, neither the defend-ant nor his wife testified and it is a fair inference either that the absent witness would not have testified as the defendant claimed he would, or that he did not consider it to his advantage to offer the facts he set up in his affidavit in evidence and in either case the absence of the witness was not detrimental to him. While what appeared in the course of the trial was not before the court when the motion for continuance was denied, the facts stated tend strongly to show the soundness of the court's con-clusion. And, although the defendant was not repre-sented at the trial by Mr. Gatewood, the record states that he was represented by his partner, R. L. Graves, Esq., and by O. O. Askren, Esq., "both attorneys of experience in criminal cases and competent to try the case." Un-doubtedly, there was enough to warrant the granting of a continuance on the face of the motion, but there was not, we think, such diligence on the part of the defendant, either as to the absent witness or the illness of counsel, as to require the court to permit further delay. It is often

extremely difficult for a trial court to determine whether an application for a continuance is really meritorious and conforms to the statute in reality as well as in letter. The court is in duty bound to guard against improper delay and the consequent expense, so far as it has the right to do so. In this instance it seems probable that witnesses for the Territory had been held in attendance from November 30 to December 16, and the record does not show that the term continued beyond December 19. Further delay would have resulted, apparently, in a continuance of the case to another term with the loss of the outlay already made by the county in the cause, and the risk of the loss of essential evidence by the territory through the removal from the territory or the death of witnesses. It seems to have been an occasion eminently proper for the exercise of the discretion vested in the courts in such cases, and that there was far from being the abuse of discretion which alone would justify this court in reversing the judgment of the trial court. Territory v. Watson, 12 N. M. 420; Territory v. Padilla, 12 N. M. 5-6; Territory v. Leary, 8 N. M. 186; Territory v. Ye Dan, 7 N. M. 443; Territory v. McFarlane, 7 N. M. 425.

Of the other class of assignments of error there is one which raises a serious question whether the evidence or ownership is sufficient to meet the requirements of the indictment and sustain the judgment rendered. The territory introduced in evidence the record of the stock brand of El Capitan Live Stock Company. In the copy of the certificate introduced it is shown in the drawing in the copy with its "location" on "cattle" and on "horses, mules and asses" and is styled the "Holding Brand" of "El Capitan Live Stock Company of Richardson, County of Lincoln and Territory of New Mexico. Recorded in Territorial Brand Book No. 4, page 13, this 2nd day of July, 1899." It was identified as what was known as the "Block brand" by witnesses for the Territory and as the brand borne by a cow with which was the unbranded calf which it was claimed the defendant took from the cow and killed. There was evidence tending to prove that the cow was

the mother of the calf and that the two had come into the inclosed pasture of one of the witnesses, about a mile and a half from the residence of the defendant, from which place the defendant took it, claiming it was his calf when discovered. The Territory put in evidence a certified copy of Articles of Incorporation of "El Capitan Live Stock Company," signed, acknowledged and recorded in December, 1908, stating, with other things, that its "principal office in New Mexico was in Roswell," which is in Chaves county. Obviously this corporation could not have had the Block brand recorded in 1899, as it did not exist at that time. The evidence of its incorporation in 1908 was irrelevant and would doubtless have been excluded by the court if its attention had been called to the date. But evidence that such a corporation was organized in 1908 with its principal New Mexico office in Chaves county does not prove that there was not a corporation of the same name in 1899 having its corporate residence in Lincoln county. It was not necessary for the indictment to allege that the owner was a corporation. 2 Bish. New Crim. Proc., sec. 718; Territory v. Garcia, 12 N. M. 96; and while it is by some authorities declared that if such an allegation is made it must be proved (1 Bish. New Crim. Proc., sec. 488 b, and cases cited) there is also authority that, being unessential, it need not be proved. "Mere surplusage will not vitiate an indictment and need not be established in proof. The material parts which constitute the offense charged must be stated in the indictment and they must be proved in evidence, but allegations not essential to such a purpose which might be entirely omitted without affecting the charge against the defendant and without detriment to the indictment are considered mere surplusage and may be disregarded." Story, Asso. J., U. S. Supreme Court, in United States v. Howard, 3 Summer 12. It is, of course, alleged and must be proved that the property, the larceny of which is charged, had an owner since without that, taking it could not be larceny, and the statute under which the defendant was indicted includes ownership in the description of the crime. If a larceny is committed it is

of no consequence, as regards the public interest in having the crime punished whether the stolen property belonged to a person or to a corporation, or to one owner or another, and if ownership in a corporation is alleged it is at most necessary to prove only its de facto existence. 2 Bish. Crim. Proc., citing Smith v. State, 28 Ind. 321, and People v. Barrie, 49 Cal. 342. See, also, United States v. Amedy, 11 Wheat. 392. The evidence that a brand was recorded as the brand and mark of El Capitan Live Stock Company, a coproration, that under the law of New Mexico such a brand on stock is proof of its ownership by the owner of the brand, that cattle were branded with the brand in question to such an extent that it was well known in the vicinity of the place where the calf was taken and killed, and that it was born at the time alleged by the cow which it was claimed was the mother of the calf, is sufficient, we think, to show the de facto existence of El Capitan Live Stock Company as a corporation engaged in the cattle business. In the brand certificate it is held out as a corporation and the more ordinary proof of the de facto existence of a corporation consists largely of acts of holding out by servants and agents. Another assignment of error relates to an instruction to the jury that "an animal upon its accustomed range is deemed to be in the immediate possession of the owner thereof." Counsel for the appellant say that as there was no evidence that the animal in question was on its accustomed range, if by that was meant the range of the alleged owner, and that the verdict did not conform to the instruction, which was the law of the case. It is true that the evidence makes it probable that the cow and calf had strayed from their customary range at the time the calf was taken by the defendant and the instruction in question was therefore, perhaps, unnecessary. But the court did not instruct, and it is, of course, not the law, that larceny of stock can be committed only by taking it from its accustomed range. That is only one of the ways in which there may be a violation of the statute law in question. The first of the offenses enumerated in the statute is to "steal any neat cattle, horse," etc., the next to "em-

bezzle such animals;" the third to "knowingly kill, sell, drive or ride away or in any manner deprive the owner of the immediate possession of" such stock. One of these charges · in the indictment was that the defendant "did steal" the animal in question. It would be absurd to hold that merely because an animal had strayed from its usual place it can not be the subject of larceny. The contentions of the appellant on the other assignments of error are so clearly untenable under the statutes of New Mexico and the decisions of this court, that we think it unnecessary to discuss them separately. The judgment of the district court is affirmed.